FILED

JAMES J. VILT, JR. - CLERK

AUG 2 4 2022

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                              CRIMINAL NO. 5:22-CR-00017-TBR-1

REBECCA C. BURKEEN
a/k/a REBEKAH CAROL BURKEEN                                  DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, United States Attorney for the Western District of Kentucky, and defendant, Rebecca C. Burkeen, a/k/a Rebekah Carol Burkeen, and her attorney, Scott Marcum, have agreed upon the following:

1.      Defendant acknowledges that she has been charged in the Indictment in this case with offenses in violation of Title 18, United States Code, Sections 922(a)(6), 922(d)(1), and 924(a)(2).  Defendant further acknowledges that the Indictment in this case seeks forfeiture of the firearm and ammunition involved in the commission of said offense, including but not limited to a Taurus International, Model G2C, 9 millimeter semi-automatic pistol, bearing serial number 1C039088, and ammunition, pursuant to Title 18, United States Code Section 924(d) and Title 28, United States Code, Section 2461.

2.      Defendant has read the charge against her contained in the Indictment and the charges have been fully explained to her by her attorney.  Defendant fully understands the nature and elements of the crimes with which she has been charged.

3.      Defendant will enter a voluntary plea of guilty to Counts 1 and 2 in this case. Defendant will plead guilty because she is in fact guilty of the charges.  The parties agree to the following factual basis for this plea:

Count 1:

On or about May 20, 2021, in the Western District of Kentucky, Calloway County, Kentucky, the defendant, **REBECCA C. BURKEEN** a/k/a REBEKAH CAROL BURKEEN, in connection with the acquisition of a firearm, a Taurus International, Model G2C, 9 millimeter semi-automatic pistol, bearing serial number 1C039088, from H&H Guns LLC, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to H&H Guns LLC, which statement was intended and likely to deceive H&H Guns LLC, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented she was the actual purchaser of a firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

Count 2:

On or about and between May 26, 2021 and June 7, 2021, in the Western District of Kentucky, Calloway County, Kentucky, the defendant, **REBECCA C. BURKEEN** a/k/a REBEKAH CAROL BURKEEN, knowingly gave, provided, and allowed the use and possession of a firearm, that is, a Taurus International, Model G2C, 9 millimeter semi-automatic pistol, bearing serial number 1C039088, to SCOTT E. ESMON II, knowing

and having reasonable cause to believe that SCOTT E. ESMON II had been convicted of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(d)(1) and 924(a)(2).

4.      Defendant understands that the charges to which she will plead guilty carry a maximum term of imprisonment of 10 years, a combined maximum fine of $500,000.00, and up to a 3 year term of supervised release.   Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.   Defendant understands that as a result of the charges to which she will plead guilty she may be ordered to forfeit a Taurus International, Model G2C, 9 millimeter semi-automatic pistol, bearing serial number 1C039088, and ammunition.

5.      Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty.  In addition, if she is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose her to denaturalization under federal law.  Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including her attorney or the U.S. District Court, can predict with certainty how her conviction may affect her immigration, naturalization, or citizenship status.  Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

3

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that she will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, she surrenders certain rights set forth below. Defendant's attorney has explained those rights to her and the consequences of her waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charges against her, she has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict her unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

C.      At a trial, defendant would have a privilege against self-incrimination and she could decline to testify, without any inference of guilt being

drawn from her refusal to testify.  If defendant desired to do so, she could testify in her own behalf.

8.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing.  Defendant admits all acts and essential elements of the indictment counts to which she pleads guilty.

9.      The parties agree that restitution is not an issue in this case.

10.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $200.00 to the United States District Court Clerk's Office by the date of sentencing.

11.     At the time of sentencing, the United States will:

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

-agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.[1]

-agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility.

-demand forfeiture of all items covered by the Notice of Forfeiture in the Indictment.

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

12.     Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A.     The Applicable Offense Level should be determined as follows: The parties will review the Guidelines calculations by the United States Probation Office and reserve their rights to make objections, if any, to those.

B.     The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

13.     Defendant is aware of her right to appeal her conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal her conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack her conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

14.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to

defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

15.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

17.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw her guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

18.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that she has informed the United States Attorney's Office and the Probation Officer, either directly or through her attorney, of all mitigating factors.

19.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney

By:

_____          _____
Leigh Ann Dycus                                                 Date
Assistant United States Attorney

        I have read this Agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

_____          _____
Rebecca C. Burkeen                                            Date
Defendant

8

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____        8/24/22
Scott Marcum                            Date
Counsel for Defendant

9